## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOP KATZ BROKERS LLC,<br><br>       Plaintiff,<br><br>v.<br><br>AGRIMEX CAPITAL, LLC, DARREN G. NIEMANN, SANCHEZ BROS. PRODUCE, LLC, CESAR SANCHEZ, John Does 1 through 10, and XYZ Corps. 1 through 10.<br><br>       Defendants. | *Document Filed Electronically*<br><br>Civil Action No.: 1:17-cv-7355<br><br><br>**COMPLAINT** |

Plaintiff, Top Katz Brokers LLC ("Top Katz" or "Plaintiff"), by way of Complaint against defendants Agrimex Capital, LLC, Darren G. Niemann, Sanchez Bros. Produce, LLC, and Cesar Sanchez (collectively referred to as "Defendants") allege as follows:

### I.      PARTIES

1.    Plaintiff Top Katz Brokers LLC is a New York limited liability company having its principal place of business at 424 Row D, New York Terminal Market, Bronx, New York 10474 and is engaged in the business of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce and licensed as a dealer under the Perishable Agricultural Commodities Act ("PACA").

2.    Defendant Agrimex Capital, LLC ("Agrimex") is a Delaware limited liability company having its principal place of business in 36 West 171 Indian Mound Road, Saint Charles, Illinois 60174, is engaged in the business of buying wholesale quantities of Produce in interstate commerce, and is licensed as a dealer under PACA.

3.     Defendant Darren G. Niemann ("Niemann") is, upon information and belief, a resident of Illinois and an officer and principal of Agrimex who occupied a position of control over the PACA trust assets belonging to Plaintiff.

4.     Defendant Sanchez Bros. Produce, LLC ("Sanchez Bros") is an Illinois limited liability company with a principal place of business of 2455 South Damen Avenue, Chicago, Illinois, 60608, is engaged in the business of buying wholesale quantities of Produce in interstate commerce, and is licensed as a dealer under PACA.

5.     Defendant Cesar Sanchez is, upon information and belief, a resident of Illinois and an officer and principal of Sanchez Bros who occupied a position of control over the PACA trust assets belonging to Plaintiff.

6.     Defendants John Does 1 through 10 and XYZ Corps. 1 through 10 are, upon information and belief, other persons and/or entities which may be liable to Plaintiff for the claims made herein.  The true names and capacities, whether individual, corporate or otherwise, are unknown to Plaintiff at this time and Plaintiff, therefore, sues said Defendants by such fictitious names.  Plaintiff will amend its Complaint to allege the true names and capacities of the fictitious names if and when ascertained.

## II.     JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter pursuant to Section 5(c)(5) of PACA, 7 U.S.C. § 499(c)(5) ("PACA") and 28 U.S.C. § 1331.

8.     Venue in this District is based on 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the Complaint occurred in this District, and 28 U.S.C. § 1391(b)(1), in that the Defendants reside in this District.

### III.    FACTUAL ALLEGATIONS

9.      This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 Amendment to Section 5(c) of PACA, 7.U.S.C. 499e(c).

10.      In or around January 2017, Niemann executed and submitted a supplier agreement (the "Supplier Agreement") to Plaintiff on behalf of Agrimex.   Pursuant to the Supplier Agreement, Plaintiff sold Defendants Produce which was delivered both to Agrimex and Sanchez Bros.

11.      Between June 1, 2017 and September 1, 2017, Plaintiff collectively sold and delivered, in interstate commerce, $192,439.30 worth of Produce which Defendants accepted as follows (the "Accepted Produce"):

| Date | Invoice No. | Amount Sold |
|------|-------------|-------------|
| 06/15/2017 | 00042736 | $30,700.50 |
| 06/16/2017 | 00042767 | $27,172.25 |
| 07/03/2017 | 00042920 | $23,200.00 |
| 07/07/2017 | 00043006 | $11,214.00 |
| 07/10/2017 | 00043007 | $23,029.00 |
| 07/11/2017 | 00043022 | $23,029.00 |
| 07/17/2017 | 00043086 | $19,197.00 |
| 07/20/2017 | 00043134 | $34,853.50 |
| 09/01/2017 | 00002224 | $44.05 |

12.    At   the   time   Defendants   received   the   Accepted   Produce,   Plaintiff became a beneficiary in a statutory trust under PACA (the "PACA Trust") which is designed to assure payment to Produce suppliers and which consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants.

13.    Plaintiff timely preserved its interest in the PACA Trust by delivering to Defendants invoices containing the requisite statutory language (the "Invoices"), and Plaintiff remains a beneficiary of the PACA Trust until full payment is made for the Accepted Produce.

14.    Defendants have made payments and received credits totaling $40,819.50, leaving a remaining balance due and owing under the Invoices of $151,619.80.

15.    The deadline for payment under the Invoices has expired, and Defendants have failed to pay Plaintiffs $151,619.80 due and owing for the Accepted Produce.

16.    Defendants have never disputed, but rather have repeatedly acknowledged, their debt to Plaintiff.

17.    Defendants' failure to pay Plaintiff establishes that Defendants have dissipated the PACA Trust assets belonging to Plaintiffs.

18.    By dissipating the PACA Trust assets belonging to Plaintiff, Defendants have violated their statutory, regulatory and contractual duties to preserve and turnover those PACA Trust assets.

## COUNT ONE
### (Failure to Pay Trust Funds)

19.    Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs as if fully set forth herein.

20.    Defendants' continuing failure and refusal to pay Plaintiff its PACA Trust funds in the aggregate principal amount of $151,619.80 violates PACA and PACA regulations requiring Defendants to preserve and turnover such funds.

21.    As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages.

**WHEREFORE**, Plaintiff requests judgment against all Defendants jointly and severally, enforcing payment from the PACA Trust by ordering Defendants to pay Plaintiff the aggregate principal amount of $151,619.80; pre-judgment and post-judgment interest; costs of suit; attorneys' fees and costs; punitive damages; and such other and further relief as this Court deems just and proper.

## COUNT TWO
### (Failure to Pay Promptly)

22.     Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs as if fully set forth herein.

23.     Defendants' failure to promptly pay Plaintiff its PACA Trust funds in the aggregate principal amount of $151,619.80 violates PACA and PACA regulations.

24.     As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiff has suffered, and is continuing to suffer, damages.

**WHEREFORE**, Plaintiff requests judgment against all Defendants, jointly and severally, for damages in the amount of $151,619.80; pre-judgment and post-judgment interest; costs of suit; attorneys' fees and costs; and such other and further relief as this Court deems just and proper.

## COUNT THREE
### (Breach of Contract – Failure to Pay for Goods Sold)

25.     Plaintiff hereby incorporates the allegations set forth in the previous paragraphs as if fully set forth herein at length.

26.     Defendants received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

27.     Plaintiff's invoices to Defendants constitute valid and enforceable agreements between the parties.

28.     Defendants breached the terms of the invoices and the Supplier Agreement by failing to timely remit payment for the goods they received from Plaintiff.

29.     Plaintiff has performed all of its duties and obligations under the invoices and the Supplier Agreement.

30.     As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered damages in the amount of $151,619.80, plus interest from the date each invoice became past due.

**WHEREFORE**, Plaintiff requests judgment against Defendants, for damages in the amount of $151,619.80; pre-judgment and post-judgment interest; costs of suit; attorneys' fees and costs; and such other and further relief as this Court deems just and proper.

## COUNT FOUR
**(Unlawful Dissipation of Trust Assets by a Corporate Official – Defendants Niemann and Cesar Sanchez)**

31.     Plaintiff hereby incorporates the allegations set forth in the previous paragraphs as if fully set forth herein at length.

32.     Niemann caused Agrimex to violate its statutory duties to preserve and turnover to Plaintiff its PACA Trust Assets and to pay Plaintiff promptly for the Accepted Produce.

33.     Cesar Sanchez caused Sanchez Bros. to violate its statutory duties to preserve and turnover to Plaintiff its PACA Trust Assets and to pay Plaintiff promptly for the Accepted Produce.

34.     Niemann and Cesar Sanchez unlawfully dissipated PACA Trust assets belonging to Plaintiff.

35. As a direct and proximate result of Niemann's and Cesar Sanchez's unlawful dissipation of Plaintiff's PACA Trust Assets, Plaintiff has suffered, and is continuing to suffer, damages.

**WHEREFORE**, Plaintiff requests judgment against Defendants Niemann and Sanchez, jointly and severally, for damages in the amount of $151,619.80; pre-judgment and post-judgment interest; costs of suit; attorneys' fees and costs; punitive damages; and such other and further relief as this Court deems just and proper.

## COUNT FIVE
### (Unlawful Retention of Trust Assets)

36. Plaintiff hereby incorporates the allegations set forth in the previous paragraphs as if fully set forth herein at length.

37. Upon information and belief, proceeds from the sale of produce were transferred by and among Defendants rather than preserved and turned over to Plaintiff pursuant to PACA and PACA regulations.

38. As a direct and proximate result of Defendants' unlawful retention of PACA trust funds, Plaintiff has suffered, and is continuing to suffer, damages.

**WHEREFORE**, Plaintiff requests judgment against Defendants, for damages in the amount of $151,619.80; pre-judgment and post-judgment interest; costs of suit; attorneys' fees and costs; punitive damages; and such other and further relief as this Court deems just and proper.

## COUNT SIX
### (Interest and Attorneys' Fees)

39. Plaintiff hereby incorporates the allegations set forth in the previous paragraphs as if fully set forth herein at length.

40.   PACA and the Invoices entitle Plaintiff to recover interest and attorneys' fees in the event that Defendants violate their obligations by failing to preserve and turn over to Plaintiff its PACA Trust assets and to pay Plaintiff promptly for the Accepted Produce.

41.   As a direct and proximate result of Defendants' continuing violations of PACA and PACA regulations, Plaintiff has incurred collection costs and attorneys' fees.

**WHEREFORE**, Plaintiff requests judgment against all Defendants, jointly and severally in an amount to be determined at trial and/or by separate application and such other and further relief as this Court deems just and proper.


Dated: October 11, 2017          By:      /s/ Charles J. Messina

                                          Charles J. Messina, Esq.
                                          (application *pro hac vice* to be filed)
                                          **GENOVA BURNS LLC**
                                          494 Broad Street
                                          Newark, New Jersey 07102
                                          Tel: (973) 533-0777
                                          cmessina@genovaburns.com

                                          *Attorneys for Plaintiff, Top Katz Brokers, LLC*


                                 By:      /s/ Patrick F. Moran
                                          •   Designated L.R. 83.15 Counsel
                                          Patrick F. Moran, Esq.
                                          **GORDON REES SCULLY**
                                          **MANSUKHANI**
                                          One North Franklin, Suite 800
                                          Chicago, Illinois 60606
                                          Tel: (312) 565-1400
                                          pmoran@grsm.com