UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOP KATZ BROKERS LLC, ) | |
| ) | Case No.: 1:17-cv-07355 |
| Plaintiff ) | |
| ) | Hon. Jorge L. Alonso |
| v. ) | |
| ) | |
| AGRIMEX CAPITAL, LLC, et al. ) | |
| ) | |
| Defendants ) | |

**AGRIMEX CAPITAL, LLC AND DARREN G. NIEMANN'S
SUPPLEMENT AND AMENDMENT TO THEIR *PRO SE* MOTION TO VACATE
FINDING OF DEFAULT ENTERED ON DECEMBER 21, 2017**

Defendants Agrimex Capital, LLC ("Agrimex") and Darren G. Neimann ("Niemann") (collectively, the "Agrimex Defendants"), by and through undersigned counsel, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure ("FRCP") and Court Order entered on February 6, 2018 [Docket #35], hereby move supplement and amend their original *pro se* motion to vacate the finding of default entered on December 21, 2017 as follows:

**BACKGROUND**

1. On October 26, 2017, Plaintiff filed an Amended Complaint against all the defendants. [Docket #8].

2. On October 26, 2017, Plaintiff filed a Motion for Preliminary Injunction [Dkt. #9] which was their second such motion, after the first one was denied with leave to re-file on October 19, 2017. [Dkt. #7].

3. Agrimex Defendants were subsequently served with process with Agrimex's answer due on November 20, 2017 and Neimann's answer due on November 24, 2017. [Dkt. #11,15].

1

4. On information and belief, Agrimex defendants were seeking legal counsel and neither Agrimex or an attorney appeared on December 21, 2017.

5. On December 21, 2017, this Honorable Court, on oral motion of Plaintiff, entered a *finding* of default, <u>not</u> a default judgment, against the Agrimex Defendants. [Dkt. #21]. Additionally, the Court set a briefing schedule for Plaintiff's Motion for Preliminary Injunction and entered and continued the motion to February 6, 2018. [Dkt. #21].

6. On December 28, 2017, attorney Tracey A. Hower ("Prior Counsel") filed an appearance on behalf of the Agrimex Defendants [Dkt. #22] who then filed a Motion to Withdraw one week later on January 4, 2018 [Dkt. #23].

7. On January 11, 2018, this Honorable Court granted the Motion to Withdraw for Prior Counsel and for Natalie Lamphier, who was from the same firm as Prior Counsel.

8. Within 30 days of the finding of default and without a counsel of record, Agrimex Defendants filed their *pro se* Motion to Vacate the finding of default on January 19, 2018. [Dkt. #27], to which Plaintiff filed a response on January 22, 2018. [Dkt. #29].

9. On January 31, 2018, undersigned counsel filed his appearance after having been just recently retained.

10. Also on January 31, 2018, undersigned counsel filed on behalf of the Agrimex Defendants their *Motion for Leave to Amend or Supplement with a Reply the Motion to Vacate Filed Pro Se on Behalf of Agrimex Capital, LLC and Darren G. Niemann*

2

*and/or for Extension of Time to Answer or Otherwise Plead to the Amended Complaint and Plaintiff's Pending Motion for Preliminary Injunction*. [Dkt. #33].

11. On February 6, 2018, this Honorable Court granted Agrimex Defendants' 1/31/18 motion insofar as granting Agrimex Defendants leave to supplement the previously filed motion to vacate and to file an opposition to Plaintiff's amended motion for preliminary injunction by February 20, 2018. [Dkt. #35]

**I. RULE 55(c) IS THE APPROPRIATE RULE TO EVALUATE AGRIMEX DEFENDANTS' MOTION TO VACATE THE FINDING OF DEFAULT.**

The appropriate rule to seek relief from the December 21, 2017 *finding* of default is Rule 55(c) of the Federal Rules of Civil Procedure ("FRCP"). While, representing themselves *pro se*, the Agrimex Defendants stated their motion was under Rule 60(b) but, since it is not the appropriate rule, the Agrimex Defendants hereby supplement, amend, and correct their prior *pro se* motion to brought under Rule 55(c).

Rule 55(c) states in relevant part: "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." *Fed.R.Civ.P Rule 55(c)*.

In the present case, the December 21, 2017 order stated that "Defendants Darren G. Niemann and Agrimex Capital, LLC. are found in default." *December 21, 2018 Order* [Dkt. #21]. The phrase 'found in default' clearly is a finding of default and not a final default judgment. See generally *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir.2007) (explaining difference between default judgment and entry of default).

"Without a final judgment . . . . motion to set aside the default should have been evaluated under Rule 55(c), not under Rule 60(b) as the district court did. Under either rule, the district court exercises discretion, but the Rule 55(c) standard is somewhat more lenient. As we explained in *Sims*, an entry of default may be set aside for "good cause," which does not necessarily require a

3

good excuse for the defendant's lapse." *JMB Manufacturing, Inc. v. Child Craft, LLC, et al*. 799 F.3d 780, 792 (7th Cir. 2015). citing *Sims*, 475 F.3d at 868; see also *Chrysler Credit Corp. v. Macino,* 710 F.2d 363, 368 (7th Cir.1983) (standards are applied more leniently before judgment has actually been entered), citing *Breuer Electric Manufacturing Co. v. Toronado Systems of America*, Inc., 687 F.2d 182, 187 (7th Cir.1982); 10A Wright et al., Federal Practice & Procedure § 2696 ("a default entry may be set aside for reasons that would not be enough to open a default judgment").

Regardless how the *pro se* motion originally characterized it, the more lenient Rule 55(c) is the applicable rule and this Honorable Court should evaluate Agrimex Defendants' request to vacate the finding of default under it, and not the more stringent standard of Rule 60(b).

**II. AGRIMEX DEFENDANTS MEET THE REQUIREMENTS NECESSARY TO JUSTIFY VACATING THE DECEMBER 21, 2017 FINDING OF DEFAULT**

A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Exp., Inc.*, 559 F. 3d 625, 630-631 (7th Cir. 2009) (citing *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir.1994)); *see also* Fed.R.Civ.P. 55(c). "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context."" *Id.* quoting *United States v. Di Mucci,* 879 F.2d 1488, 1495 (7th Cir. 1989). The courts "articulate a policy of favoring trial on the merits over default judgment." *Cracco*, 559 F.3d at 631, citing *Sun v. Bd. of Trs. of the Univ. of Ill.,* 473 F.3d 799, 811 (7th Cir.2007). (But see the earlier case *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1401 (7th Cir. 1993) ("[T]his circuit no longer follows the earlier doctrine disfavoring defaults.")).

4

*1. Good Cause*

Agrimex Defendants met the standards set out in *Cracco* for the more liberally applied Rule 55(c) context. While not a good *excuse,* the inadvertent failure to calendar the court date as set forth in the *pro se* Motion to Vacate, and the likely confusion between *pro se* defendants and their counsel at the time, do show good *cause*, in that the Agrimex Defendants were not ignoring the December 21, 2017 court date and filing deadlines, thereby meeting the first *Cracco* element. Both Defendants Agrimex Capital, LLC and Darren G. Neimann sincerely apologize and did not intend to ignore the court date and filing deadlines. Now that they have counsel acting on their behalf, the Court can be assured they will be more diligent in the future.

Moreover, Agrimex Defendants would be severely prejudiced and suffer damage disproportionate to their failures if the finding of default is not vacated and the Court enters judgment without allowing Agrimex Defendants a chance to present their affirmative defenses at trial. Such disproportionate damages constitute good cause. See *Sims*, 475 F.3d at 868 ("Damages disproportionate to the wrong afford good *cause* for judicial action [under Rule 55(c)], even though there is no good *excuse* for the defendant's inattention to the case.").

*2. Quick Action*

Secondly, the Agrimex Defendants took relatively quick action to remedy the finding of default. Once they found out about the finding of default, the Agrimex Defendants still managed to file their *pro se* Motion to Vacate within 30 days of entry of the finding, in spite of the fact their prior counsel appeared only to file her motion to withdraw a week later. Rather than risk further delay while they searched for new counsel, the Agrimex Defendants timely filed their motion *pro se*.

*3. Meritorious Defenses*

Third, the Agrimex Defendants have meritorious defenses to Plaintiff's Amended Complaint. Plaintiff's amended complaint brings claims against the Agrimex Defendants for enforcement of the statutory trust under the Perishable Agricultural Commodities Act, 7 U.S.C. §499a-t ("PACA") for alleged failure to turn over trust assets. [Dkt. #8]. The defenses Agrimex and Niemann raise include, but are not limited to, 1) that they are not subject to the PACA trust as they are not trustees of the PACA trust and have not received nor retain the PACA trust assets; and 2) as a broker Agrimex Defendants are not liable for Sanchez's non-payment.

    A.  *First Affirmative Defense*

Plaintiff's own documents attached to the Amended Complaint show that the produce sold went to the co-defendant Sanchez Bros. Produce LLC ("Sanchez"), not the Agrimex Defendants. Moreover, on information and belief, the evidence will show that any proceeds from the sale of produce were only received and retained by Sanchez. The only money that Agrimex may have received from Sanchez's sale of the unpaid produce was already turned over by Agrimex to the Plaintiff. [Dkt. 8-8, page 2]. Other checks from Sanchez were never deposited by Agrimex Defendants since it was known Sanchez had insufficient funds in its account and, on information and belief, Sanchez's account was closed. [Dkt. #8-8, 8-9, and 8-10]. Therefore, neither of the Agrimex Defendants have unlawfully retained PACA trust assets, which is a necessary element of the PACA claims in Counts 1, 2, 4, and 5,[1] and Plaintiff's PACA claims will fail.

---

[1] 7 U.S.C. §499e(c)(2) provides in relevant part: "Perishable agricultural commodities *received* by a commission merchant, dealer or broker…shall be held by *such* commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers…." 7 U.S.C. §499e(c)(2) (emphasis added). Since Agrimex Defendants did not receive the produce, they are not the ones holding the produce in trust. Rather, Sanchez Defendants are the ones subject to this statute.

6

### B. *Second Affirmative Defense*

Additionally, Agrimex is a broker, and as such, "*In the absence of a specific agreement*, a broker is not responsible for payment to the seller by the buyer. Agreement to collect from the buyer and remit to the seller is not a guarantee by the broker that the broker will pay for the produce purchased unless there is a specific agreement by the broker that he will pay if the broker does not pay." 7 CFR §46.28(c) (emphasis added). Plaintiff has not alleged the existence of a specific agreement where Agrimex agreed to pay if Sanchez does not. In fact, the only signed agreement attached to the amended complaint is the 'Supplier Agreement' where Plaintiff agrees to buy (not sell) from Agrimex. [Dkt. #8-4]. In the absence of such a specific indemnity agreement, Agrimex Defendants would not be liable for Sanchez's non-payment, per 7 CFR §46.28(c).

Without the PACA claim, there is no federal question and this court should decline to exercise supplementary jurisdiction over the state-law breach of contract claim.

## CONCLUSION

Agrimex Defendants have met the *Cracco* standards by showing: 1) good cause as to why the finding of default should be vacated; 2) they took quick action once the finding was entered; and 3) they have meritorious defenses against Plaintiff's claims. In light of the Seventh Circuit's policy of favoring trial on the merits over default judgments, Agrimex Defendants respectfully request that this Honorable Court accept their apology and exercise its discretion to vacate the finding of default and permit Agrimex Defendants to file an answer or other pleading to the Amended Complaint.

7

WHEREFORE Agrimex Defendants respectfully request this Honorable Court:

1. Vacate the finding of default entered on December 21, 2017;

2. Grant Agrimex Defendants 28 days to file an answer or other pleading addressing the Amended Complaint; and

3. Grant any other relief it deems necessary and just.

        Respectfully Submitted,

        AGRIMEX CAPITAL, LLC
        DARREN G. NIEMANN

        By:    /s/ David A. Adelman
                 Their Attorney

David A. Adelman, Esq.
ADELMAN LAW OFFICES, LLC
904 S. Roselle Road #342
Schaumburg, IL 60193
Tel: 847/301-4341
Fax: 847/301-4342
Adelman@pacaenforcer.com