### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| TOP KATZ BROKERS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 17-cv-07355 |
| | ) | |
| AGRIMEX CAPITAL, LLC, DARREN G. | ) | Judge: Jorge L. Alonso |
| NIEMANN, SANCHEZ BROS. PRODUCE, LLC | ) | |
| CESAR SANCHEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SANCHEZ BROS. PRODUCE, LLC'S AND CESAR SANCHEZ'S MOTION TO VACATE FINDING OF DEFAULT ENTERED ON FEBRUARY 6, 2018

Defendants Cesar Sanchez and Sanchez Bros. Produce, LLC ("Sanchez Bros."), by and through their attorney, James W. Corbett, and pursuant to Federal Rule of Civil Procedure 55(c), as and for their Motion to Vacate the finding of default entered on February 6, 2018, state as follows:

## BACKGROUND

1. Plaintiff filed its original complaint on October 11, 2017 and its amended complaint on October 26, 2017. *Docket Nos. 1, 8*.

2. On October 12, 2017, Plaintiff filed its motion for a preliminary injunction and temporary restraining order against the Defendants, seeking a statutory trust imposed against the Defendants collectively pursuant to the Perishable Agricultural Commodities Act. The Court denied this motion on October 19, 2017 for the reasons stated on the record and ordered plaintiff to file a renewed motion on or before October 26, 2017. On October 26, 2017 Plaintiff filed its renewed motion for a preliminary injunction and temporary restraining order against the Defendants. *Docket Nos. 7, 9*.

3. On December 21, 2017, undersigned counsel James W. Corbett appeared on behalf of SANCHEZ BROS. PRODUCE, LLC and CESAR SANCHEZ ("the Sanchez Defendants"). The Court granted the Sanchez Defendants until January 11, 2018 to respond to the motion for preliminary injunction, with Plaintiff being allowed until January 25, 2018 to reply. *Docket No. 21*.

4. The Sanchez Defendants did not file a response to the motion and on January 22, 2018, Plaintiff filed its "Reply" and Statement of Non-Response & Request for Default.

5. On February 6, 2018 this Honorable Court entered a finding of default against the Sanchez Defendants, but also granted them until February 20, 2018 to file opposition to Plaintiff's Motion for Preliminary Injunction. *Docket No. 35*.

## ARGUMENT

6. Federal Rule of Civil Procedure 55(c) provides in relevant part that: "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). *Fed.R.Civ.P Rule 55(c).* As the Court pointed out in *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir.2007) "Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect." Or even more precisely, the moving party must "establish good cause for vacating the original entry of default." *Chrysler Credit Corp. v. Macino,* 710 F.2d 363, 368 (7th Cir.1983), Moreover, because Rule 55(c) uses the "good cause" standard for relief before judgment has been entered and Rule 60(b) allows for relief after judgment, "the "good cause" standard in Rule 55(c) must be easier to satisfy." *Sims* at 868. (Citation omitted).

7. In order to have an entry of default vacated, the moving party must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Sun v. Board of Trustees of University of Illinois*, 473 F.3d 799, 809-810. (7th Cir.2007). Keeping in mind

that "good cause" means the movant must show good cause for vacating the entry of default, the Sanchez Defendants are entitled to have the finding of default entered on February 6, 2018 vacated based on these three factors.

8.  There is good cause to vacate the finding of default entered on February 6, 2018. First, if the default is allowed to stand and the PACA trust is imposed on Sanchez Bros., it will suffer great prejudice because it is likely that Sanchez Bros. would go out of business. Moreover, plaintiff Top Katz would not be paid the amounts that even the Sanchez Defendants claim is rightly due to plaintiff. *Affidavit of Cesar Sanchez in Support of Response to Motion for Preliminary Injunction ("Sanchez Affidavit"), Paragraph 20.* Furthermore, vacating the default would result in minimal prejudice to plaintiff. In *Global Technology & Trading, Inc. v. Tech Mahindra Ltd.,* 789 F.3d 730, 732 (7th Cir.2015) the court noted that incurring the expense of continuing to conduct a law suit is not prejudice; rather, prejudice means diminishing a plaintiff's ability to litigate the case on the merits, if, for example, as a result of the passage of time between the finding of default and a hearing or trial on the merits, evidence were to be destroyed or degraded, or witnesses would become unavailable or their memories impaired. Delaying a decision on Plaintiff's Motion for Preliminary Injunction from February 6, 2018 to as early as March 13, 2018 would not result in prejudice of this nature. Indeed, the major prejudice to plaintiff would be that its motion would be tested on the merits instead of being decided with no opposition. See *Robb v. Norfolk & Western Ry. Co.,* 122 F.3d 354, 357 (7th Cir.1997).

9.  The Sanchez Defendants have taken quick action to remedy the finding of default which was entered two weeks ago on February 6, 2018 over the objection of their counsel. Not insignificantly, this motion is being filed less than 30 days after plaintiff filed its "Reply" and Statement of Non-Response & Request for Default on January 22, 2018.

10.  Finally, the Sanchez Defendants have meritorious defenses to the Motion for Preliminary Injunction and the Amended Complaint. First, they dispute the amounts which plaintiff claims are

due because much of the produce which plaintiff delivered was spoiled or damaged. ***Sanchez Affidavit, Paras. 12-14; USDA Inspection Certificates attached hereto as Group Exhibit "A".*** Second, Sanchez Bros. contends that plaintiff is not entitled to have a PACA trust imposed on it because Sanchez Bros. currently is not financially unstable. See *Tanimura & Antle, Inc v. Fresh Packed Produce, Inc.,* 222 F.3d 132, 139 (3rd Cir.2000); ***Sanchez Affidavit, Paras. 16-19.*** Additionally, based on the invoices attached to Plaintiff's Amended Complaint, it is not clear that Plaintiff has met the requirements of 7 CFR 46.46(e)(1) and 7 CFR 46.2(z) & (aa).

11. For all the above reasons the finding of default entered on February 6, 2018 should be vacated.

WHEREFORE, Defendants Cesar Sanchez and Sanchez Bros. Produce, LLC respectfully requests that this Court:

A. Vacate the finding of default entered against them on February 6, 2018;

B. Grant them 14 days to file an answer or other responsive pleading to the Amended Complaint; and

C. Grant them such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Cesar Sanchez and Sanchez Bros.
Produce, LLC, Defendants

By: */s/ James W. Corbett*
James W. Corbett,
Their Attorney

James W. Corbett
ARDC No. 6193936
Attorney for Defendants
1645 W. School St., Suite 314

Chicago, Illinois 60657
(312) 919-1965
jcorbettlaw@aol.com